IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| STEPHEN ALLEN WALLACE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:10-1142 |
| ) | |
| WARDEN HARMAN, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On September 27, 2010, Petitioner, an inmate incarcerated at FCI McDowell, located in Welch, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner alleges that the Federal Bureau of Prisons [BOP] improperly calculated his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

**PROCEDURE AND FACTS**

Petitioner was arrested by State authorities on December 27, 1989, on charges of First Degree Rape, First Degree Sodomy, Complicity to Rape and Sodomy. (Document No. 20-1, p. 1.) On August 24, 1990, the Circuit Court of Christian County, Kentucky, sentenced Petitioner to 80 years and Petitioner was remanded to the custody of the Kentucky Department of Corrections for

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

service of his State sentence. (Document No. 20-2, p. 8.) On September 21, 1990, Petitioner was borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of Kentucky. (Id., p. 15.) On March 8, 1991, the United States District Court for the Western District of Kentucky imposed a 405-month term of imprisonment for Transporting in Interstate Commerce a Female Juvenile, in violation of 18 U.S.C. § 1201. (Id., pp. 2 - 6.) The Federal Court ordered the above sentence to run concurrent with Petitioner's State sentence. (Id., p. 3.) Following sentencing, Petitioner was returned to State custody on March 26, 1991. (Id., p. 15.) Petitioner was released to parole on his State sentence on June 24, 2009, and was taken into Federal custody by the United States Marshals Service on a Federal detainer. (Id.) Currently, Petitioner is scheduled to be released from Federal custody, via good time credit, on August 26, 2020. (Id., p. 19.)

      On September 27, 2010, Petitioner filed his instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) Petitioner alleges that the BOP is improperly calculating the term of his imprisonment. (Id.) Petitioner explains that he was arrested by State authorities on December 27, 1989, and sentenced to 80 years on his State charges on August 24, 1990. (Id., p. 1.) On March 8, 1991, the United States District Court for the Western District of Kentucky sentenced Petitioner to 405 months, to run concurrently with his State sentence. (Id.) Petitioner claims that his Federal and State charges resulted from the same course of conduct and he was denied bond by the State based upon the Federal detainer. (Id., pp. 1 - 2.) First, Petitioner contends that he is entitled to credit for time spent in custody beginning on December 27, 1989, the date of his arrest, and ending on March 8, 1991, the date his Federal sentence was imposed. (Id., p. 2.) Next, Petitioner contends that he is entitled to "*Willis* time" beginning on December 27, 1989, the date of his arrest, and ending on August 24, 1990, the date his

State sentence was imposed. (Id.) Finally, Petitioner alleges that the Western District of Kentucky erred in applying U.S.S.G. § 5G1.3 by failing to adjust his Federal sentence based upon the period of imprisonment he had already served on his State conviction. (Id.)

On October 17, 2011, Petitioner filed a Supplemental Petition. (Document No. 11.) In his Supplemental Petition, Petitioner continues to argue that he is entitled to relief pursuant to U.S.S.G. § 5G1.3(b). (Id., pp. 3 - 6.) Petitioner contends that the "Court should have considered and applied 5G1.3(b)(1) to make Petitioner's sentence truly concurrent." (Id., p. 5.) Finally, Petitioner contends that he is "not challenging the legality of his sentence, but rather is challenging the execution of his sentence." (Id., pp. 3 and 6.)

In support, Petitioner attaches the following Exhibits: (1) A copy of Petitioner's Judgment Order as filed in the United States District Court for the Western District of Kentucky in Criminal Action Number 90-0005 (Id., pp. 8 and 11.); (2) A copy of a pertinent page of his Federal sentencing transcripts (Id., p. 9.); (3) A copy of United States' "Response and Motion to Dismiss" as filed in the Western District of Kentucky in Criminal Action Number 90-0005 (Id., p. 11.); (4) A copy of Petitioner's Request for "Administrative Remedy Informal Resolution Form" dated December 3, 2009 (Id., p. 12.); (5) A copy of Regional Director C. Eichenlaub's Response dated March 5, 2010 (Id., p. 13.); (6) A copy of Administrator Harrell Watts' Response dated May 4, 2010 (Id., p. 14.); (7) A copy of Petitioner's Indictment as filed in Western District of Kentucky in Criminal Action Number 90-0005 (Id., p. 15.); and (8) A copy of Petitioner's "Inmate Listing" (Id., p. 16.)

By Order entered on March 5, 2012, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 14.) On

March 15, 2012, Respondent filed his Response to the Order to Show Cause. (Document No. 20.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's Federal sentence is appropriately deemed to have commenced on March 18, 1991" (Id., pp. 3 - 4.); and (2) "Petitioner is not entitled to any prior custody credit" (Id., pp. 4 - 7.).

In support, Respondent attaches the following Exhibits: (1) The Declaration of J. Scott Farr, Management Analyst (Document No. 20-1.); (2) A copy of Petitioner's Judgment Order as filed in the United States District Court for the Western District of Kentucky in Criminal Action Number 90-0005 (Document No. 20-2, pp. 2 - 6.); (3) A copy of Petitioner's Sentencing Order as filed in the Circuit Court of Christian County, Kentucky, in Case No. 90-cr-014 (Id., p. 8.); (4) A copy of Kentucky's "Department of Corrections Resident Record Card" (Id., pp. 10 - 13.); (5) A copy of the U.S. Marshals Service Form 129 (Id., pp. 15 - 16.); (6) A copy of Petitioner's Federal "Sentence Monitoring Computation Data as of 03-06-2012" (Id., pp. 18 - 19.); and (7) A copy of Petitioner's Independent Good Time/Release Date Computation (Id., p. 21.).

On April 10, 2012, Petitioner filed his "Reply to Respondent's Response." (Document No. 21.) First, Petitioner argues that he is "entitled to pre-sentence confinement credit according to Note 1 Commentary of 5G1.3(b) under the United States Sentencing Guidelines." (Id., pp. 1 - 2.) Next, Petitioner contends that "Respondent's argument pursuant to Wilson/Willis are irrelevant and should be disregarded." (Id., pp. 3 - 4.)

On April, 11, 2012, Respondent filed his "Response to Petitioner's Reply." (Document No. 22.) Respondent argues that Petitioner's request for relief pursuant to U.S.S.G. § 5G1.3 is inappropriate. (Id., p. 1.) Respondent states that "the appropriate forum for his challenge to the imposition of his sentence and his request for relief under § 5G1.3 is the United States District Court for the Western District of Kentucky." (Id., p. 2.)

## ANALYSIS

Essentially, Petitioner contends that he is entitled to credit for time spent in custody beginning on December 27, 1989, the date of his State arrest, and ending on March 8, 1991, when the BOP began computation of his Federal sentence. The authority to calculate a federal prisoner's period of incarceration of the sentence imposed, and to provide credit for time served, is delegated to the Attorney General, who exercises it through the BOP. See United States v. Wilson, 503 U.S. 329, 334 - 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). In addressing any sentencing computation issue, a District Court must consider: (1) when the sentence commenced; and (2) the extent to which the petitioner may be entitled to credit for time spent in custody prior to commencement of the sentence. Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa.), affd, 100 F.3d 946 (3d Cir. 1996).

### A.   Petitioner's Federal sentence did not commence until March 8, 1991.

Title 18 U.S.C. § 3585(a) governs the date a federal sentence commences. Section 3585(a) provides as follows: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A federal sentence, however, cannot commence prior to the date it is pronounced even if made concurrent with a sentence already being served. Miramontes v. Driver, 243 Fed.Appx. 855 (5th Cir. 2007)(finding that "defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite second sentencing court's order that sentences at issue be served concurrently"); Coloma v. Holder, 445 F.3d 1282 (11th Cir. 2006)(finding that petitioner's sentence on second conviction that was ordered to run concurrently with his sentence on related first conviction, was not retroactive to the beginning of the first

sentence); United States v. LaBeilla-Soto, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C.Cir. 1983)(stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served"). Thus, Petitioner's Federal sentence could not commence prior to the date of its imposition on March 8, 1991. Although the District Court ordered that Petitioner's Federal sentence was to run concurrently with his State sentence, Petitioner's sentences may not run fully concurrently. Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a federal sentence to begin to run while an inmate is in state custody. See 18 U.S.C. § 3621(b); United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). Based upon a review of the record, the Court finds that the BOP appropriately made a nunc pro tunc designation by deeming Petitioner's Federal sentence to have commenced on March 8, 1991 (date of its imposition).

**B.    Petitioner is not entitled to prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

>> **(1)** as a result of the offense for which the sentence was imposed; or
>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence"). Notwithstanding the limitation imposed under Section 3585(b), the Fifth Circuit indicated that a petitioner was entitled to time spent in pre-sentence State custody that was attributable to the federal offense even if the petitioner was given credit on his State sentence for that period of time. Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971)(reasoning that even though the State gave petitioner credit for his presentence custody, petitioner did not receive a benefit because his State sentence expired before his federal sentence). Under Willis, the BOP grants prior custody credit, even if it results in a double-credit toward a state sentence, when two conditions are met: (1) a prisoner's state and federal sentence are run concurrently; and (2) the full term release date of the federal sentence is equal to or greater than the full term release date of the state sentence. See Program Statement 5880.28. If both of the above conditions are met, credit is awarded towards the federal sentence for time spent in state pre-sentence custody that begins on or after the date of the federal offense, and runs to the imposition of the state sentence. Id. The BOP, however, is not require under Willis to award federal pre-sentence credit for time served after the commencement of the state sentence. Kayfez v. Casele, 993 F.2d 1288, 1290 (7th Cir. 1993); also see DeJesus v.

7

Zenk, 2010 WL 1141395 (3rd Cir. Mar. 25, 2010)(slip copy)(stating "that the reasoning in the '*Willis/Kayfez* line of cases' does not permit federal credit for time served 'after the state sentence was imposed but before the federal sentence was pronounced'"), citing Rios v. Wiley, 201 F.3d 257, 273 n. 13 (3rd Cir. 2000); Grigsby v. Bledsoe, 223 Fed.Appx. 486, 489 (7th Cir. 2007)(finding that defendant's reliance upon Kayfez was misplaced because "the time for which he seeks credit is not '*Willis* time' because it was not time spent in non-federal *presentence* custody"); United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence").

In the instant case, the Court finds that Petitioner is not entitled to Willis time. Although Petitioner can satisfy the first condition (State and Federal sentence run concurrently), he cannot satisfy the second condition. Clearly, the full term release date of Petitioner's State sentence (80 years) far exceeds the full term release date of his Federal sentence (405-months).[2] Accordingly, Petitioner's request for Willis time should be denied. Based on the foregoing, the undersigned finds that Petitioner is not entitled to Federal credit for December 27, 1989 (date of his arrest by State authorities), through August 23, 1990 (the day before imposition of his State sentence).

**3.      Petitioner's claim based upon U.S.S.G. § 5G1.3(b).**

To the extent Petitioner bases his argument upon the application of U.S.S.G. § 5G1.3(b), the

---

[2] The full term date of Petitioner's Federal sentence will expire on December 7, 2024. (Document No. 20-2, p. 19.) The "minimum expiration date" of Petitioner's State sentence is November 19, 2046 and the "maximum expiration date" is December 22, 2069. (*Id.*, p. 10.)

undersigned finds his claim as one properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by the Western District of Kenucky. Petitioner alleges that the District Court should have applied U.S.S.G. § 5G1.3(b),[3] thereby adjusting his Federal sentence for the time period of imprisonment already served in State custody. Petitioner is basically challenging the validity of his sentence, not the manner in which his sentence is being executed. Therefore, in view of the nature of the above claim, the Application must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

---

[3] Guideline Section 5G1.3(b) provides as follows:

If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsection (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

> **(1)** the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> **(2)** the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(Emphasis added.) It is also clear that a second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. This District Court therefore lacks jurisdiction to consider Petitioner's Section 2255 Motion because Petitioner was not sentenced in this District. Rather, jurisdiction is properly in the Western District of Kentucky where Petitioner was sentenced. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's Application in this case should be dismissed because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Sixth Circuit Court of Appeals.[4]

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. The undersigned notes that Petitioner does not allege an intervening change in law that establishes his actual innocence. Additionally, Section 2255 is not rendered inadequate or ineffective merely because an individual

---

[4] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A).

is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document Nos. 1 and 11.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce,

727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: April 13, 2012.

R. Clarke VanDervort
United States Magistrate Judge